**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1544**

YONGXIN LU,

            Plaintiff - Appellee,

      v.

JAMAL JOHNSON, Prince George's County Police – District #4;
DERRICK NEUMER, Prince George's County Police – District #4;
JASON ROURKE,

            Defendants – Appellants,

      and

PRINCE GEORGE'S COUNTY,

            Defendant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Roger W. Titus, District Judge.
(8:06-cv-01105-RWT)

Submitted:  September 29, 2009      Decided:  October 23, 2009

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Stephanie P. Anderson, County Attorney, Mary C. Crawford, Deputy
County Attorney, Brennan C. McCarthy, Associate County Attorney,

Upper Marlboro, Maryland, for Appellants.    Christopher R.
Wampler, WAMPLER, SOUDER & SESSING, L.L.C., Rockville, Maryland,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In this 42 U.S.C. § 1983 (2006) action, Appellants Jamal Johnson, Derrick Neumer, and Jason Rourke seek to appeal the district court's order denying their motion for summary judgment based upon qualified immunity. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). To the extent Appellants challenge the order appealed from for refusing to strike the affidavits submitted in support of Appellee's complaint, because this is neither a final order nor otherwise appealable, we lack jurisdiction to review it here.

Appellants also seek to challenge the district court's denial of summary judgment, asserting that the district court's rejection of their claim to qualified immunity is a final and appealable order. While the Supreme Court has recognized that an order rejecting a claim of qualified immunity is appealable at the summary judgment stage, Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), it has more recently explained that immediate appealability of an order declining to accept a defense based on qualified immunity is appropriate only if the denial rests on a purely legal determination that the facts do not establish a violation of clearly established statutory or constitutional

3

right.  Johnson v. Jones, 515 U.S. 304, 319-20 (1995).  Thus, "if the appeal seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact, this Court does not possess jurisdiction under § 1291 to consider the claim." Valladares v. Cordero, 552 F.3d 384, 388 (4th Cir. 2009).  This court must accept the facts as set forth by the district court in assessing the summary judgment ruling.  Bailey v. Kennedy, 349 F.3d 731, 738 (4th Cir. 2003).

Thus, the "first task on appeal is to separate the district court's legal conclusions regarding entitlement to qualified immunity, over which we have jurisdiction, from its determinations regarding factual disputes, over which we do not."  Iko v. Shreve, 535 F.3d 225, 234 (4th Cir. 2008).  "[W]e must also examine the parties' appellate arguments to ensure we only consider those legal questions formally raised on appeal." Id.

Having reviewed the briefs and record before us, we conclude that the arguments raised by Appellants do not challenge the district court's legal conclusion that the facts, as asserted by Yongxin Lu, properly allege Appellants' violation of Yongxin Lu's clearly established right to be free from excessive force at the hands of police.  Rather, they focus on "whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."  Johnson, 515 U.S. at 319-20.  Accordingly,

4

because the appeal is not from a final order determining a question of law, but from an interlocutory order that recognizes a disputed issue of material fact, we lack jurisdiction to review it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED